CHAUNCEY ALLEN vs. THE NEW HAVEN AND NORTH-AMPTON COMPANY.

A declaration alleged that the defendants, a railroad company, were bound to keep in repair a certain highway at a point where it crossed their road, and that the plaintiff in travelling upon the highway was injured by its defective condition at that point. The defendants pleaded specially—1, that the highway was not a legally laid out one; 2, that if it was it was yet laid out many years after their road was constructed. The court below, on motion of the plaintiff, ordered the defendants to plead the general issue instead of the special pleas, on the ground that they amounted to the general issue. The defendants, instead of thus pleading, afterwards filed a demurrer to the declaration, which the court heard and overruled. Held on error—

1. That the first special plea amounted to the general issue, and was properly rejected.
2. That the second plea contained matter of avoidance, and should have been allowed to stand.
3. That its disallowance was not a matter of discretion, but was error.
4. That if the defendants were to be regarded as having been in contempt, by reason of their not obeying the order of the court to plead general issue, the acceptance of the demurrer by the court was a waiver of the order and healed the contempt.

ACTION upon the statute, for an injury from the defective

condition of a highway; brought to the Superior Court. Judgment for the plaintiff and motion in error by the defendants. The case is sufficiently stated in the opinion.

*J. S. Beach* and *W. C. Case*, for the plaintiffs in error.

*T. E. Doolittle*, for the defendant in error.

LOOMIS, J. This action is founded upon the tenth section of chapter seventh of the statute with regard to highways, and was brought to recover damages for an injury received by the plaintiff while riding in his sleigh at the place where Hazel street, a highway in New Haven, crosses the defendants' railroad track, the injury having been caused by the sleigh striking the rails and throwing the plaintiff out.

The declaration, after setting forth the incorporation of the defendants, and the above statute, alleges that it was the defendants' duty to keep the highway at the point of intersection in repair, but that they did not do so, but negligently suffered the rails, sleepers and planking and structure of the railroad to remain projecting above the surface of the highway in an unsafe manner, which caused the plaintiff's injury. The second count contains substantially the same allegations, omitting the reference to the statute.

At the first term to which the writ was made returnable the defendants filed four special pleas in bar as follows:

1st. That Hazel street was laid out, or attempted to be laid out, by the city of New Haven, under the powers conferred by its charter; that the charter prescribes that before a highway shall be laid out notice shall be given to the owners of the land proposed to be taken; that the defendants, at the time of the attempted lay-out, were the owners on the east and west side of the track of their road (about one hundred feet on each side) of the land taken by the lay-out, and that no notice was given them of the proposed lay-out, and that they had no knowledge thereof.

2d. This in substance is the same as the first, with the additional allegation that the charter provides that compen-

sation shall be made for the land taken, and for notice to be given to the owners for that purpose, and that no notice was given and no compensation made to the defendants.

3d.   The defendants admit that at the time of the injury their railroad intersected Hazel street, but they aver that at the time their railroad was constructed there was no highway in the present locality of Hazel street, but that Hazel street was laid out intersecting the railroad more than fifteen years after the railroad was built and in operation.

4th.   The fourth plea is in substance the same as the third, except that it alleges that Hazel street was laid out intersecting the defendants' railroad after its construction, without notice to the defendants and without compensation for the land so taken.

To these pleas no replication was made by the plaintiff, but at the January term, 1879, he filed the following motion in writing :—

"The plaintiff objects to the said pleas of the defendants that they each amount to the general issue, and asks that the same be not allowed to be filed, but that the same be set aside, and that the court cause the general issue to be entered."

The defendants filed a written protest against the granting of the motion, but the court allowed it and rejected all the pleas as amounting to the general issue.   And afterwards, at the January term, 1881, the defendants filed a demurrer to the plaintiff's declaration, which, under issue joined, was overruled by the court.   Judgment having been rendered for the plaintiff the defendants have brought the case before us by a motion in error.

The first question is, whether there was error in rejecting the defendants' special pleas in bar.   The answer depends on another question, whether they amounted to the general issue or not.

A special plea amounting to the general issue is "a plea alleging new matter which is in effect a denial of the truth of the declaration."   Gould's Pl., ch. 6, part 11, sec. 78.

We think the first two pleas come within this definition.

They do, in effect, at least by inference, deny the legal existence of the highway, called Hazel street, at the place in question—a material fact in the plaintiff's declaration—and while denying this fact they do not contain any matter of justification or avoidance, neither do they give a colorable title or right which is sought to be avoided; and so they do not fall within any of the recognized exceptions to the general rule. Gould's Pl., ch. 6, part 11, secs. 80—85.

We conclude that there was no error in rejecting the first two pleas.

The third and fourth pleas, unlike those we have just considered, do not deny but admit the existence of the highway intersecting the railroad of the defendants at the time and place of the injury, nor do they deny the projection of the rails above the surface of the road or the cause and manner of the injury, but they obviously seek to avoid the liability of the defendants for the injury by the allegation that they constructed their railroad on their own land more than fifteen years before the highway called Hazel street had any existence. The argument which the pleas suggests or involve is, that the defendants when they constructed their road were under no duty with reference to public travel across their track and that the duty did not afterwards arise from the mere act of the city in laying out a new highway across an existing railroad, but that the duty was on the city to make and thereafter maintain a safe way, either over, under, or on grade with the railroad track. Whether these pleas are sufficient we have no occasion now to decide. That issue is not presented by the record. The summary rejection of the pleas without replication took away from the defendants the right to be heard on that question. And we would not now deprive them of their day in court by assuming to decide it without full argument. The question is a debateable one, and depends on the proper construction of the statute upon which the present suit is based. We think the third and fourth pleas did not amount to the general issue.

But granting this, the plaintiff contends that the defendants are without remedy, for two reasons.

Because, in the first place, they did not obey the order of the court to plead the general issue, and that they cannot be heard while in contempt.

The contempt, if any, was of the court below, but the record shows that the defendants before the same court were allowed to file their demurrer, and that the plaintiff without protest joined the issue presented and the court considered and decided it. We conclude, therefore, that the court consented to the substitution of the demurrer for the general issue. It was competent for the court to do this. *Hotchkiss* v. *Hoy*, 41 Conn., 573. There is nothing therefore to show that the defendants when they filed their motion in error were under any such contempt as affected their standing in the court below; and much less could it forfeit their remedy before this court. A defendant has the same right to his plea that the plaintiff has to his declaration, and if wrongfully deprived of it there should be and is a remedy.

It is further claimed in the brief for the plaintiff, that the order of the court complained of was matter of discretion and not the subject of error.

There are authorities that hold that a special plea amounting to a denial of the declaration without giving color, may be allowed at the discretion of the court, where the peculiarity of the matter is such as may (to use the quaint language of the old writers) "breed a scruple in the lay gents." But it is too incredible for belief that any respectable court ever held or will ever hold that it is in the discretion of the court to reject a plea not amounting to the general issue, unless it was otherwise frivolous or scandalous.

The record brings up one other question, namely, the decision of the court overruling the demurrer to the plaintiff's declaration. But we do not deem it necessary to discuss that question, because, having found error in rejecting the last two special pleas, and having reversed that judgment, those pleas are thus restored to the place they occupied before the declaration was demurred to, and. unless withdrawn, will now await the replication of the plaintiff and the new issue to be thus raised.

There was error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.