## CHAUNCEY ALLEN vs. THE NEW HAVEN AND NORTHAMPTON COMPANY.

The statute (Gen. Statutes, p. 232, sec. 10,) provides that any person injured in person or property by means of a defective road, may recover damages from the party bound to keep it in repair; but that "when the injury is caused by a structure legally placed upon such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor." Held—

1.  That the statute applies to a case where the highway was established after the railroad was built, as well as to one where it had previously existed.

2.  That the expression "it, and not the party bound to keep the road in repair," is to be read as if it was "the party *otherwise* bound," &c.

3.  That a railroad track laid across a highway does not necessarily render it defective and unsafe, and that it was not the intention of the statute to make the railroad company liable for every injury from the track, without reference to the condition of the highway.

In a suit against a railroad company for an injury caused by the condition of its track at a place where it crossed a highway, the declaration alleged that the company was chartered with authority to construct and operate a steam railroad and had constructed it at the crossing in question before the injury complained of. Held to be a sufficient averment that the structure was legally placed upon the highway.

The defendants at a former term of the Superior Court demurred to the plaintiff's declaration, the demurrer was overruled, the case heard in

damages, and damages awarded. The judgment was reversed by this court on the defendants' motion in error, but not on any point affecting the damages, and the case was remanded to the Superior Court. In that court the defendants afterwards demurred to a replication filed by the plaintiff. Held that, on the overruling of this demurrer, the defendants were not entitled to a new hearing in damages.

ACTION upon the statute (Gen. Statutes, p. 232, sec. 10,) for an injury upon a highway defective from the condition of the track of the defendant railroad company at a crossing; brought to the Superior Court. The same case was before this court at a former term, (49 Conn. R., 243,) on a motion in error of the defendants from a judgment rendered on a hearing in damages after demurrer overruled. The judgment having been reversed the case was remanded to the Superior Court, where the plaintiff filed a replication to the defendants' previously filed pleas in bar, to which replication the defendants demurred, and the case was reserved upon the pleadings for the advice of this court. The points decided by the court will be sufficiently understood without setting out the pleadings.

*J. S. Beach,* in support of the demurrer.

*H. Stoddard,* contra.

LOOMIS, J. The questions reserved under the pleadings relate to the sufficiency of the declaration and the defendant's pleas in bar, and their solution depends upon a proper construction of the statute, (Revision of 1875, p. 232, sec. 10,) upon which the action is brought. The statute is as follows:—"Any person, injured in person or property by means of a defective road or bridge, may recover damages from the party bound to keep it in repair," * * "and when the injury is caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor."

The declaration, in accordance with the plaintiff's construction of the statute, alleges in substance that the duty of the defendant was to keep that part of the highway

occupied by the railroad crossing in good and sufficient
repair, and that the duty was neglected in suffering, at the
point of intersection, the rails, sleepers, planking and struc-
ture of the railroad to be and remain projecting above the
surface of the highway, and the earth to be worn away and
excavated by the side of the track so as to be unsafe and
dangerous for travelers in crossing, and that this negligence
caused the injury.

On the other hand the defendant contends that the statute
does not predicate liability for injuries upon the condition
of the highway as to repairs or any negligence in the matter,
but absolutely makes the railroad company liable for any
injury caused by a lawful structure thereon, provided the
highway existed before the structure was so placed. It was
argued that the tenth section of the statute contemplates
two classes of liability—one originating in the omission of
a legal duty, and the other in the commission of a legal act.

A strict adherence to the words of the statute will support
this construction, but to adopt it will give a harsh and
arbitrary quality to the act of the legislature, whereby a
liability is placed on the railroad company not predicated
upon any fault or neglect of duty, making them absolute
insurers against accidents of every nature caused by the
railroad structure; a principle entirely different from that
which is applied in analogous cases to all other corporations.

If a liberal construction will relieve the law from such
injustice it should be adopted, and this we think may be
done. The statute under discussion is part and parcel of
legislation making one kind of corporations, namely towns,
liable for neglect of duty relative to highways within their
limits. Now the object of the provision referred to was not
to change the principle or ground of liability, but merely
to make another party, to wit, the railroad corporation,
liable. The obscurity in the statute arises mainly from the
last clause:—"it, (meaning the railroad company,) and not
the party bound to keep the railroad in repair, shall be
liable therefor." The arrangement is antithetical and taken
as it stands seems to imply that the railroad company is not

bound to repair; but the true meaning is, "it, and not the party *otherwise* bound;" that is, the town or municipality upon which by general statute the burden rests and which is bound to keep in repair the highway thus crossed at all other places. It was thought necessary to do more than to provide that the railroad company should be liable; that would leave it open to the claim that the town also might still be liable; hence the act proceeds to negative any liability on the part of the town.

This construction will be strongly confirmed by a reference to the original act as it stood prior to the revision of 1875. It reads as follows:—"That no town shall be liable to any suit or action for an injury received on any highway in such town, by reason of any structure placed on said highway by any railroad corporation by authority of law; but such damage may be recovered in a suit against said railroad company." Acts of 1869, p. 350. If this language had been retained it would have deprived the defendant's argument of its principal force. But the revisers in carrying into effect their purpose to condense all then existing statutes as much as possible, combined three separate acts in one section, namely, the acts of 1672, 1874 and 1869. It will be seen that the five lines composing the last mentioned act were condensed into two lines and a half, but the latter we believe was intended as the equivalent of the former and admits of the same construction.

As we do not accept the defendant's construction of the statute, we do not indorse its claim that the railroad structure placed across a highway necessarily renders it defective and unsafe for public travel over it. It may require of the traveler a slower speed and more cautious driving, (which might be equally true of some bridges, bars, or sudden turns in the road,) but if properly placed and maintained with a view to accommodate the public travel over it, we believe it may be made safe for that purpose, with reasonable care on the part of the traveler.

Our view of the statute sufficiently answers all the objections to the declaration, except the claim that it omits to

allege that the structure was legally placed upon the highway by the defendant, and this it seems to us is answered by the declaration itself.  It states in effect that the defendants were incorporated for the purpose and authorized to construct and operate a steam railroad, &c., and had laid down and constructed it at the crossing in question before the act complained of.  The pleas in bar also very explicitly aver " that at the time when, &c., they were duly authorized by law to lay down and construct the same at the place and in the manner where and in which they laid down and constructed the same, &c."

Another question presented by the pleadings is, whether the statute applies to the case of a railroad constructed before the intersecting highway was laid out.  The defendant, adhering closely to the very letter of the present statute, contends that it does not apply because the highway in this case was placed on the railroad, and not the railroad on the highway.  But we think the statute was intended to make one rule applicable to all railroads, and that the words "placed on such road " are not confined to the time when the railroad was first constructed, but refer to the state of things at the time when the injury was occasioned—the question being whether there was at that time on the highway a structure placed there by a railroad company, under authority of law, which caused the injury.  We see no good reason for restricting the liability of railroad companies to cases where the highway antedates the railroad.  The just ground for exempting the towns is, that a structure is placed on their highways under authority of law which they are powerless to resist, and this reason obliterates all distinctions as to mere priority of location.  Whenever a highway is laid out intersecting a railroad, the company owning the latter must take notice of the fact, as well for the purpose of providing a suitable crossing as for the purpose of erecting warning boards and signals, or doing any other acts required by statute for the safety of travelers at the crossing.

And without protracting the discussion by going into a

detailed statement of the reasons, we say generally that the true interests of the railroad companies and the public, as well as justice to the towns, combine to sanction that construction of the law that imposes the sole duty and undivided responsibility on the railroad companies to provide proper facilities for the passage of vehicles across their tracks at all highway intersections. They must at the same time have an anxious regard for the condition of the tracks for the safe passage of their own trains, and for the travelers having occasion to cross their tracks in the use of the highway. These objects require careful and constant supervision and the substitution of new rails, ties and planks for those which have become defective; and sometimes there will be changes of grade and additional tracks required, and with each change some corresponding changes may be necessary for the safety of those crossing the track on the highway.

One other question remains, in regard to which the advice of this court is desired. At the January term, 1881, of the Superior Court, after demurrer to the plaintiff's declaration had been overruled, the defendant moved for a hearing in damages, which the court allowed, and both parties were fully heard, and the court thereupon assessed the damages at one thousand dollars and made that finding a matter of record. This judgment was afterwards, on the defendant's motion in error, reversed by this court, (49 Conn., 243,) but not on any point affecting the damages. The case was remanded to the Superior Court, and the defendant afterwards filed its present demurrer to the replication of the plaintiff. The question now is, whether, on that demurrer being overruled by the Superior Court under the advice now given, the defendant will be entitled to a new hearing in damages. Without discussing the question we will merely say that, as the parties have once had their day in court on this issue, with every advantage for a fair trial and a just result which they can now have, and with no intimation even that the former was in any respect a mis-trial, we think the damages have been conclusively settled and the question cannot now be re-tried.

We advise the Superior Court that the declaration is sufficient and the pleas insufficient, and that judgment be rendered for the plaintiff to recover of the defendant one thousand dollars damages.

In this opinion the other judges concurred.